## WILLIAMS v. NOISEUX.

When the defendant enters on land of the plaintiff, under an agreement to purchase, it being agreed that the defendant shall pay a sum certain at a specified time, and receive his deed, and in the meantime that he may occupy the premises free of rent; if he fails to pay the money at the time appointed, the plaintiff may treat the whole contract as rescinded, and may maintain a writ of entry or trespass against the defendant.

In a writ of entry, if the defendant plead the general issue, he will be estopped from proving that he was a tenant of the plaintiff, at will or for years.

THIS was a writ of entry, in common form, and was tried by the court as upon the general issue. The plaintiff proved title in himself to the demanded premises, by a warrantee deed of the same to himself, dated April 9, 1856.

The defendant then introduced a written contract, dated October 1, 1858, between said Williams and himself, and signed and sealed by both parties, in which said Williams agreed to convey the premises in question to John Bacon, of Portland, his successors and assigns in fee, for the sum of $1,500, and interest annually, payable as mentioned below.

Said defendant agreed that said sum and interest should be paid as follows: $600, agreeably to the conditions of a certain note (describing it) for that sum, and payable, half in six months, and the other half in twelve months, and the remaining $900 in four equal annual payments, of $225 each. Said Williams was to execute a deed as soon as the full sum should be paid, according to the tenor of said notes; and it was agreed that the defendant might enter upon and occupy said premises on the first day of November (then) next, paying the taxes and keeping the same in repair thereafter.

It was admitted that the plaintiff still holds the notes described in said contract, and that the same have not been paid according to their terms, and that only trifling sums have been paid at all.

It appeared that the plaintiff had never given the defendant any notice to quit the premises before bringing this suit; whereupon the defendant moved for a nonsuit, which the court ordered, and the plaintiff excepted. And it is agreed that judgment be entered upon the nonsuit, or that the same be set aside and judgment be entered for the plaintiff. And the questions of law were reserved.

*G. C. Williams*, for the plaintiff, cited *Brown v. Cram*, 1 N. H. 169; *Currier v. Perley*, 24 N. H. 219; *Russell v. Fabyan*, 34 N. H. 224.

*Benton & Ray*, for the defendant. 1. The defendant's occupation of the premises was a tenancy from year to year, or, at least, at will. *Currier v. Perley*, 24 N. H. 219; Rev. Stat., ch. 209, sec. 5.

2. In either case a notice to quit is indispensable. Rev. Stat., ch. 209, secs. 1, 2, 7. Such notice is required at common law, unless waived by the parties. *Currier v. Perley, ante.*

SARGENT, J.　It is claimed that the defendant was a tenant, at will or from year to year, of the plaintiff in this case, and that the tenancy must be terminated before the plaintiff can maintain this suit. The latter position might be correct if the facts first assumed were true.　By Rev. Stat., ch. 209, sec. 5 (Comp. Laws 534), it is provided that every tenancy or occupancy shall be deemed to be at will, &c., unless a different contract is shown.　This legal presumption as to the character of the tenancy, only arises where no contract, either written or verbal, is proved.

But, where a contract is shown, the rights of the parties are to be ascertained and governed by the terms of said contract, and while the same remains in force, and the parties act under it, the law will not imply a contract at variance with it.　*Stacy* v. *Vermont Central Railroad,* 32 Vt. 551.

In the case before us there is a written contract, the terms of which must govern, and the law will raise no presumptions against that contract.　The nature and conditions of the occupancy must be ascertained from the contract alone ; and from the terms of that contract, it is evident that, when the defendant entered, it was not as tenant, but under an agreement to purchase ; and, before the time of payment arrived, it is plain that no rent could be recovered, as it was stipulated that the defendant might enter upon and occupy the premises after November 1, 1858, "paying the taxes and keeping the same in repair thereafter."　The idea of a tenancy, or of paying any rent to the plaintiff, could not have been entertained by either of the parties, while this contract was in force and its terms not violated.

In *Clough* v. *Hosford,* 6 N. H. 231, it is held that, where the defendant entered upon lands under an agreement to purchase, and there was also the further agreement that, if he failed to purchase, he should pay rent, then trespass could not be maintained for the entry ; but that, when there was no such agreement or understanding about paying rent, trespass might be maintained after the defendant had violated his contract by not paying for the land and taking a deed, or that the plaintiff might waive the tort, treat the contract as rescinded, and bring an action for use and occupation. And this is put upon the ground that the defendant, having broken his contract in not paying the money, has thereby avoided the entire contract ; and the law holds him, after such failure to pay, as a trespasser, and as guilty of bad faith.　And if trespass could be maintained, this action is well enough brought.

But, upon another ground, the defense here relied on can not avail.　This action was tried by the court as upon the general issue, no formal plea having been filed.　The general issue is *nul disseizin,* which plea is held to be an admission that the tenant is in possession, claiming a freehold.　If he is not in possession, he must disclaim or plead non-tenure general.　If he is in possession, but claims less than a freehold, he must plead non-tenure special.　A plea of non-tenure of either kind is in the nature of a plea in abatement.

The defendant not having pleaded non-tenure, but standing here

upon the general issue, would be precluded from offering any evidence that he was a tenant at will or for years, because that would be directly contradicting the admissions in his plea, namely, that he is in possession, claiming a freehold. *Melcher* v. *Flanders*, 40 N. H. 139, 155, and cases cited; *Stark* v. *Brown*, 40 N. H. 345, and cases cited. The whole ground of defense entirely fails. The nonsuit must be set aside, and

*Judgment entered for the plaintiff.*